# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHAWN MICHAEL PIKE,

Defendant-Appellant.

UNPUBLISHED
May 10, 2016

No. 326481
Calhoun Circuit Court
LC No. 2014-002600-FC

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant, Shawn Michael Pike, appeals as of right his conviction, following a jury trial, of first-degree felony murder, MCL 750.316(1)(b). The trial court sentenced Pike as a third-offense habitual offender, MCL 769.11, to serve life imprisonment without parole. We affirm.

## I. FACTUAL BACKGROUND

The victim, Nicole Gates, was found dead at the gas station that was her place of employment. She was stabbed 87 times. Pike claimed that he and Gates had conspired together to make it appear that he robbed the gas station, but Gates backed out of their deal and tried to call the police. He then "snapped," "blacked out," and started stabbing her.

Pike requested that the trial court instruct the jury on voluntary manslaughter as a lesser included offense of felony murder. The trial court denied his request, ruling that the evidence did not support the instruction because there was no "adequate basis to conclude that somebody would become so disturbed or that [Pike] specifically would become so disturbed by the fact that [Gates] was calling the police that it would suspend reason . . . ." Instead, the trial court instructed the jury on the lesser offense of second-degree murder. The jury found Pike guilty of first-degree felony murder, and Pike now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo questions of law pertaining to a defendant's jury instruction request and reviews for an abuse of discretion the trial court's decision regarding whether an instruction applies in a given case. *People v Mitchell*, 301 Mich App 282, 286; 835 NW2d 615 (2013). The trial court abuses its discretion when its outcome falls outside the range of principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). An

-1-

instructional error warrants reversal when it appears more probable than not that it was outcome determinative. *Mitchell*, 301 Mich App at 286.

## III. APPLICATION

As an initial matter, we reject Pike's claim that this alleged error was of constitutional magnitude. A defendant has a constitutionally guaranteed right to present a defense. *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). This right is not violated when the defendant is able to present his or her theory of the case to the jury. See *People v Herndon*, 246 Mich App 371, 411; 633 NW2d 376 (2001). The trial court's failure to issue a requested lesser included offense instruction is nonconstitutional error. *People v Cornell*, 466 Mich 335, 363; 646 NW2d 127 (2002). In this case, Pike was able to present his theory of the case to the jury. The trial court simply declined his request for a lesser offense instruction. This refusal did not rise to the level of a constitutional error.

Pike also contends that the trial court erred by refusing to issue a voluntary manslaughter instruction. We disagree.

When a defendant requests a jury instruction on a lesser offense, the trial court must provide the instruction if the instruction is on a lesser included offense and a rational view of the evidence supports it. MCL 768.32(1); *Cornell*, 466 Mich at 357. Voluntary manslaughter is a lesser included offense of murder. *People v Pouncey*, 437 Mich 382, 389; 471 NW2d 346 (1991).

"Voluntary manslaughter is an intentional killing committed under the influence of passion or hot blood produced by adequate provocation and before a reasonable time has passed for the blood to cool." *People v Hess*, 214 Mich App 33, 38; 543 NW2d 332 (1995). The difference between murder and voluntary manslaughter is the existence of provocation. *Id*. The provocation must be of the type that would cause a *reasonable* person to act out of passion rather than reason, and "[n]ot every hot-tempered individual who flies into a rage at the slightest insult can claim manslaughter." *Pouncey*, 437 Mich at 389. The defendant's emotions must be so intense that they distort the defendant's ability to act deliberately. *Id*. at 390.

In this case, Pike asserted that Gates's decision to renege on their agreement to stage a robbery and call the police provoked him. Pike provided no support for his assertion that this is the type of provocation that would cause a reasonable person to lose the ability to act deliberately. We conclude that the trial court's decision not to issue a voluntary manslaughter instruction fell within the principled range of outcomes.

We affirm.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray